OPINION OF THE COURT
Per Curiam.
Orders dated January 14, 2003 and March 13, 2003 affirmed, with $10 costs.
Landlord commenced holdover proceedings based upon tenants’ unauthorized installation of a satellite dish on the window guard and/or window frame outside their apartment. The lease prohibits, inter alia, the erection of an aerial “on the roof or outside wall of the building without the written consent of [the] owner.” Civil Court correctly rejected tenants’ argument that the lease provision is unenforceable as an impermissible restriction on certain over-the-air reception devices regulated under section 207 of the Telecommunications Act of 1996 (Pub L 104-104, 110 US Stat 56). Pursuant to rules promulgated by the Federal Communications Commission, only lease restrictions that limit installation of such devices “on property within the exclusive use or control of the antenna user” are prohibited (47 CFR 1.4000 [a] [1]). In striking a balance between the interests of tenants, who increasingly desire access to video programming services, and the interests of landlords, who seek to control access to and use of their property, the Commission authorized renters to install reception devices in areas of occupation defined by the lease, such as balconies, patios, and yards. However, the agency did not extend this rule to the placement of antennas on common or restricted access property such as outside walls or rooftops (see Building Owners & Mgrs. Assn. Intl. v Federal Communications Commn., 254 F3d 89, 93 [DC Cir 2001]).
Since tenants’ satellite dish was installed in an area to which they had access, but not exclusive rights of use or control, landlord’s reliance upon the lease prohibition is not precluded by federal statute or regulation. This result is consistent with prior case law upholding a landlord’s right to object to the affixation of traditional television aerials to the outside frame of a window (see e.g., Goldstein v Alweiss, 196 Misc 513 [1949]; Joan Bldg. Corp. v Gould, 276 App Div 765 [1949]).
*113 Tenants’ remaining argument addressed to alleged infirmities in the predicate notices is not preserved, as they agreed to submit the matter to the court on stipulated facts.
Davis, J.E, Gangel-Jacob and Schoenfeld, JJ., concur.